UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
               :
LILIA CASTIBLANCO and JOSE        :
CASTIBLANCO,                                :
               :
                         Plaintiffs       :                  23-CV-2736 (VSB)
               :
            -against-               :                  **ORDER**
               :
ALLSTATE INSURANCE COMPANY,    :
               :
                        Defendants.  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On May 26, 2023, Defendant Allstate Insurance Company ("Allstate") filed a motion to dismiss this action. (Doc. 10.) Plaintiffs Lilia and Jose Castiblanco did not oppose the motion and on August 4, Allstate therefore requested that I grant it. (Doc. 19.) Three days later, however, Allstate submitted a letter indicating that the parties would be requesting a *nunc pro tunc* extension and that it therefore withdrew this request. (Doc. 20.) On August 15, the parties submitted their extension request, (Doc. 22), which provides for Plaintiffs to file their opposition on August 15, with Allstate's reply due on September 5. Simultaneously, Plaintiffs filed their opposition. (Doc. 21.) This opposition, however, includes a cross-motion to amend Plaintiffs' complaint pursuant to Fed. R. Civ. P. 15(a)(2).

       This cross motion raises several questions that leave me unable to grant the parties' proposed briefing schedule at this time. First, Plaintiffs have not provided a copy of amended complaint they propose to file. (*Id*.) Second, it is not clear if the parties' proposed schedule encompasses this cross-motion, because this schedule does not provide Plaintiffs with a reply on their cross motion. Third, "when a plaintiff properly amends [a] complaint after a defendant has

filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020). Thus, depending on my ruling on Plaintiff's cross-motion to amend, Allstate's motion to dismiss may be mooted. Allstate has not indicated whether it consents to the filing of an amended complaint and whether it would stand on its existing motion to dismiss or prefer to file an amended motion to dismiss based on the amended complaint. Permitting the parties' briefing to go forward without clarity on these questions will likely result in a confused and inefficient briefing process.

Accordingly, it is ORDERED that by August 24, 2023, the parties shall submit a joint letter proposing next steps for the adjudication of this action based on the considerations set out here. At minimum, the letter should indicate (1) whether Allstate consents to the filing of an amended complaint and, by extension, whether it wishes to moot its pending motion to dismiss and file a new motion based on any such amendment and (2) whether the proposed schedule at Doc. 22 accounts for Plaintiffs' cross-motion to amend.

SO ORDERED.

Dated: August 16, 2023
New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge