UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                 :

LILIA CASTIBLANCO and JOSE         :
CASTIBLANCO,                                      :

                                Plaintiffs,    :         23-CV-2736 (VSB)

                 - against -             :         **OPINION & ORDER**

ALLSTATE INSURANCE COMPANY,      :

                                Defendant.  :

-----------------------------------------------------------X

Appearances:

Roman Rabinovich
Wilkofsky, Friedman, Karel & Cummins
New York, NY
*Counsel for Plaintiff*

Patrick Walsh Brophy
McMahon, Martine & Gallagher, LLP
Brooklyn, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Lilia and Jose Castiblanco (together, the "Castiblancos") initiated this action against Defendant Allstate Insurance Company ("Allstate"), alleging that Allstate breached their flood-insurance policy by denying the portion of their claim seeking reimbursement for mold-remediation expenses. Before me are (1) Allstate's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that this suit fails to state a claim because it was untimely filed, and (2) the Castiblancos' cross-motion to amend their complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). Because I find the complaint to be timely, Allstate's

motion to dismiss is DENIED, and the Castiblancos' cross-motion to amend is DENIED as moot.

### I. The National Flood Insurance Act

Before turning to the specific facts of this case, I provide an overview of the regulatory framework governing federal flood-insurance policies for context. Congress enacted the National Flood Insurance Act of 1968 ("NFIA") to make "flood insurance available to those in need of such protection on reasonable terms and conditions." 42 U.S.C. § 4001(b). The NFIA established the National Flood Insurance Program ("NFIP"), which permits private insurers, like Allstate, to issue insurance policies—commonly referred to as Standard Flood Insurance Policies ("SFIPs")—on behalf of the federal government. *See Jacobson v. Metro. Prop. & Cas. Ins.*, 672 F.3d 171, 174–75 (2d Cir. 2012). Such insurers are referred to as Write-Your-Own ("WYO") companies. *Id.* at 174.

WYO companies issue and administer SFIPs in their own names as "fiscal agents of the United States." 42 U.S.C. § 4071(a)(1). As administrators, "WYO companies are responsible for . . . adjust[ing], settl[ing], pay[ing], and defen[ding] all claims." *Melanson v. U.S. Forensic, LLC*, 183 F. Supp. 3d 376, 379 (E.D.N.Y. 2016) (internal quotation marks and alterations omitted). Although WYO companies handle the day-to-day administration of the claims, the United States is responsible for paying the policyholders. *See Jacobson*, 672 F.3d at 175 (explaining that under the NFIP "private insurers issue the policies" and "FEMA underwrites the risk" (internal quotation marks omitted)). As such, the SFIP's procedural requirements—which govern all federally subsidized flood-insurance policies purchased through the NFIP—serve as conditions on the federal government's waiver of sovereign immunity. *See United States v. Mottaz*, 476 U.S. 834, 841 (1986).

One such procedural requirement is that a policyholder filing suit to challenge the denial of his claim must "start the suit within one year of the date of the written denial of all or part of the claim." 44 C.F.R. pt. 61, app. A(2), art. VII(O). This limitations provision applies to any claim brought under the policy and to any dispute arising from the handling of such a claim. *See id.*

## II. Factual Background & Procedural History[1]

On September 2, 2021, a property owned by the Castiblancos was damaged in a flood. (Compl. ¶ 17.) At the time, the Castiblancos were holders of a SFIP issued by Allstate (the "Policy"). (*Id.* ¶ 18.) Pursuant to the Policy, the Castiblancos submitted a claim seeking reimbursement for "additional living expenses," "mold testing," and "mold remediation." (Doc. 26, Exs. 2–4.) Allstate denied the claim in three separate letters. On September 4, 2021, Allstate denied coverage for additional living expenses incurred as a result of the flood. (Doc. 26, Ex. 2.) On January 21, 2022, Allstate denied coverage for mold testing. (Doc. 26, Ex. 3.) Finally, on April 1, 2022, Allstate denied coverage for mold remediation. (Doc. 26, Ex. 4.)

Based on this series of events, the Castiblancos filed suit on March 31, 2023. (Doc. 1.) Due to filing errors, however, the Complaint was not properly docketed until April 4, 2023. (Compl.) In the Complaint, the Castiblancos alleged that Allstate had "not paid the claim for all damages sustained and partially denied coverage on April 1, 2022." (*Id.* ¶ 19.) On May 26, 2023, Allstate moved to dismiss the Complaint as time barred under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10.) In addition to opposing the motion to dismiss, the

---

[1] The facts in this section are based upon the factual allegations set forth in the Complaint, (Doc. 4 ("Complaint" or "Compl.")), and the documents about "which plaintiffs had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted). I assume the allegations in the Complaint to be true in considering the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My reference to these allegations should not be construed as a finding as to their veracity, and I make no such finding.

Castiblancos cross-moved for leave to file an amended complaint and submitted a proposed amended complaint that purports to clarify that their breach-of-contract claim relates only to Allstate's denial of coverage on April 1, 2022 for mold remediation.  (Doc. 21.)  Nine days later, Allstate filed a reply in support of its motion to dismiss and in opposition to the Castiblancos' motion to amend.  (Doc. 26.)

### III.     Legal Standard

#### A.  *Motion to Dismiss Under Rule 12(b)(6)*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

#### B.  *Leave to Amend Under Rule 15(a)(2)*

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts should "freely give leave to amend when justice so requires.'" *Gorman v. Covidien Sales, LLC*, No. 13-CV-6486, 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting Fed. R. Civ. P. 15(a)(2)) (alterations

omitted). Consistent with this liberal-amendment policy, district courts in this Circuit generally allow parties to amend their "pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Id.* (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

However, "it remains 'proper to deny leave to replead where . . . [the] amendment would be futile.'" *Gorman*, 2014 WL 7404071, at *2 (quoting *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)). When assessing futility, the court employs a standard comparable to that utilized in assessing a motion to dismiss under Rule 12(b)(6). *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (observing that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss"). Ultimately, whether to grant leave to amend is addressed to the court's discretion. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010) ("Rule 15(a) gives discretion to the district court in deciding whether to grant a motion to amend a pleading to add a party or a claim.").

## IV. Discussion

### A. Failure to State a Claim

Allstate's motion to dismiss turns on whether this suit was filed within the one-year limitations period provided for by the Policy. As discussed above, Allstate denied each part of the Castiblancos' claim in a separate letter. First, Allstate denied coverage for additional living expenses on September 4, 2021. (Doc. 26, Ex. 2.) Second, Allstate denied coverage for mold testing on January 21, 2022. (Doc. 26, Ex. 3.) Third, Allstate denied coverage for mold remediation on April 1, 2022. (Doc. 26, Ex. 4.) It is thus clear that each letter is a "written denial . . . of part of the claim." 44 C.F.R. pt. 61, app. A(2), art. VII(O). Where, as here, there are multiple written denials, each can be viewed as either triggering the limitations period for the

"part of the claim" it denied or, for the January 21, 2022 and April 1, 2022 letters, resetting the limitations period for the entire claim anew.  I need not decide that issue here, however, because this March 31, 2023 lawsuit,[2] which challenges only the "deni[al] [of] coverage on April 1, 2022," (Compl. ¶ 19)—is timely under either theory.[3]  *See, e.g.*, *Hakim Int'l Trading v. Standard Fire Ins.*, No. 17-CV-02874, 2021 WL 5578830, at *4 (D.N.J. Nov. 30, 2021) (considering the date of the second of two denial letters in determining whether a lawsuit alleging breach of a SFIP was timely); *Buck v. Standard Fire Ins.*, No. 15-CV-533, 2016 WL 10100432, at *3 (N.D.N.Y. Sept. 6, 2016) (same).

Allstate's argument to the contrary is unavailing.  Allstate contends that lawsuits challenging the denial of SFIP claims must be brought within one year of the date of the *first* written denial letter.  (*See* Doc. 10-3 at 5 ("This lawsuit was filed on March 31, 2023, five hundred and seventy[-]three days after the first denial letter issued by Allstate.").)  Nothing in text of the SFIP, however, supports Allstate's position.  The SFIP provides that lawsuits alleging breach of an SFIP must be filed "within one year of the date of the written denial of all or part of the claim," without reference to the first written denial in a series of many.  44 C.F.R. pt. 61, app. A(2), art. VII(O).  Accordingly, where a lawsuit challenges the claim determination made in the last of several denial letters, a fair reading of the SFIP is that the limitations period is either triggered or reset as of the date of the last "written denial."  *Id.*

---

[2] Although an electronic-filing issue delayed the proper docketing of the Complaint until April 4, 2023, Allstate concedes that this lawsuit was filed on March 31, 2023.  (Doc. 10-3 at 5.)  I likewise use the March 31, 2023 date for the purpose of determining whether this suit was filed in a timely manner.  *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (holding that amended complaint was timely filed despite the clerk deeming the filing deficient).

[3] Because the breach-of-contract claim relates only to Allstate's denial of coverage for mold-remediation, I need not decide whether the April 1, 2022 letter reset the limitations period with respect to the portions of the insurance claim that were denied in the September 4, 2021 and January 21, 2022 letters.

The practical consequences of Allstate's reading of the SFIP further convince me that it is wrong. One such consequence is that WYO companies would be able to avoid liability under the SFIP by the simple stratagem of denying an insurance claim in piecemeal. Consider, for example, a claim seeking $100 in living expenses and $100,000 in mold remediation costs. According to Allstate, if it denies the portion of the claim seeking reimbursement for living expenses on January 1, 2022, and the portion of the claim seeking payment for mold remediation costs on January 2, 2023, a policyholder could never challenge the mold-remediation decision. It can scarcely be the case that Congress intended to allow this form of victimization of the very property owners it sought to protect. *See Palmieri v. Allstate Ins.*, 445 F.3d 179, 183 (2d Cir. 2006) (recognizing that Congress enacted the NFIA to provide "provide subsidized flood insurance" to property owners where private insurers were unlikely to provide adequate flood insurance" on reasonable terms and conditions).

### B. *Leave to Amend*

The Castiblancos also cross-moved to amend their Complaint in the event that I had granted Allstate's motion to dismiss. However, as I have denied Allstate's motion, amendment is not necessary, and the Castiblancos' motion is denied as moot.

### V. Conclusion

For these reasons, Allstate's motion to dismiss the Complaint is DENIED, and the Castiblancos' cross-motion to amend the Complaint is DENIED as moot. The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 10 and 21.

SO ORDERED.

Dated: April 9, 2024
      New York, New York

_____
Vernon S. Broderick
United States District Judge